UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OTIS STRINGFIELD,

        Petitioner,

vs.                              Case No. 3:10-cv-829-J-12JRK

SECRETARY, DOC, et al.,

        Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 7, 2010.[1] He challenges his 2003[2] Duval County conviction for dealing in stolen property and false verification of ownership on pawn transaction form.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), there is a one-year period of limitations:

---

[1] The Petition was filed with the Clerk on September 10, 2010; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (September 7, 2010). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] The judgment and sentence was entered on May 5, 2003.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' February 16, 2011, Motion to Dismiss Petition for

2

Writ of Habeas Corpus (Doc. #15) (hereinafter Response). In support of their contentions, they have submitted exhibits.[3] See Exhibits (Doc. #15). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. #12). Petitioner filed a Notice of Petitioner's Intent Not to File Reply to Respondents' Response to Show Cause (Doc. #16), stating he did not intend to file a reply.

The record shows the following. Petitioner was charged by amended information with two counts of dealing in stolen property and two counts of false verification of ownership on pawn broker transaction form. Ex. E. A Notice of Intent to Classify Defendant as a Habitual Felony Offender was filed in the trial court. Ex. D. After a jury trial, Petitioner was found guilty of dealing in stolen property (Count I) and false verification of ownership on pawn broker transaction form (Count II). Ex. F. The judgment and sentence was entered on May 5, 2003. Ex. I. Petitioner appealed, Ex. J, and the conviction was affirmed on October 25, 2004. Stringfield v. State, 886 So.2d 258 (Fla. 1st DCA 2004) (per curiam); Ex. K. The mandate issued on November 10, 2004. Id. Petitioner sought discretionary review. Ex. L. The Supreme Court of Florida, on April 26, 2005, declined to accept jurisdiction, and

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

denied the petition for discretionary review. Stringfield v. State, 902 So.2d 792 (Fla. 2005) (Table); Ex. L. His conviction became final on July 25, 2005 (90 days after April 26, 2005) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

The Petition, filed September 7, 2010, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period. On July 17, 2006, pursuant to the mailbox rule, he filed a Rule 3.850 motion in the circuit court. Ex. M. On November 29, 2006, an Order Denying Motion for Post Conviction Relief was filed. Ex. N. Petitioner appealed. Ex. O. On July 25, 2007, the circuit court's decision was affirmed. Stringfield v. State, 963 So.2d 233 (Fla. 1st DCA 2007) (per curiam) (Table); Ex. O. The mandate issued on September 14, 2007. Id.

Upon consideration, the one-year limitations period in Petitioner's case began to run on July 26, 2005, and ran unabated for 356 days, until Petitioner filed his Rule 3.850 motion on July 17, 2006. The one-year limitations period was tolled until the mandate issued on September 14, 2007. The time period began to run

again on September 15, 2007, and expired on Monday, September 24, 2007.

Petitioner did not file his Rule 3.800(a) motion in the state court system until April 20, 2009 (pursuant to the mailbox rule). Ex. P. This motion did not toll the federal one-year limitations period because it had already expired on September 24, 2007. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the Petition was not timely filed in this Court.

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d

5

1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted. See Response at 8-10.

Petitioner claims he is actually innocent with regard to the sentence he received. Based on the record before the Court, this assertion has no merit. The state filed a notice of intent to seek habitual offender sentencing. Ex. D. At sentencing, Petitioner stipulated to the two prior convictions, one for a judgment of grand theft dated April 11, 2000 (guilty plea), and one for a judgment of aggravated fleeing or attempting to elude a police officer dated April 9, 1998 (guilty plea). Ex. G at 101. See Ex. H.

This Court finds that Petitioner has not made a showing of actual innocence and his allegations of actual innocence are

insufficient. Thus, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

Indeed, Petitioner has not shown any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. If Petitioner appeals, **the Court denies a certificate of appealability.** Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

2. Respondents' February 16, 2011, Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #15) is **GRANTED**.

3. The case is **DISMISSED** with prejudice.

4. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

8

5. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd. day of November, 2011.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 10/25
c:
Otis Stringfield
Ass't A.G. (Jordan)